IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                      No. CR 10-2054 JB

NELSON MITCHELL,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Sentencing Memorandum and Request for Reasonable Sentence, filed January 28, 2011 (Doc. 37). The Court held a sentencing hearing on February 3, 2011. The primary issue is whether the Court should vary from the advisory guideline imprisonment range of 24-30 months and impose a sentence on Defendant Nelson Mitchell of not more than 18 months. Because the Court believes that a sentence of 18 months reflects the factors set forth in 18 U.S.C. § 3553(a) and is sufficient to promote the purposes of punishment set forth in the Sentencing Reform Act, the Court will grant Mitchell's request and sentence him to 18 months.

**FACTUAL BACKGROUND**

On July 13, 2010, a federal grand jury returned an Indictment charging Mitchell with Failure to Register in violation of 18 U.S.C. § 2250(a) and 42 U.S.C. § 16913.[1] On September 13, 2010, Mitchell entered into a plea agreement. See Doc. 23. On November 19, 2010, the United States

---

[1] Section 16913 of Title 42 of the United States Code states: "A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides . . . ." 42 U.S.C. § 16913. Under 18 U.S.C. § 2250, whoever is required to register and "knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act," shall "be fined under this title or imprisoned not more than 10 years, or both." 18 U.S.C. § 2250.

Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR"). The PSR calculated Mitchell's offense level as 16 and his total offense level after a 3-level reduction for acceptance of responsibility as 13. The PSR calculated Mitchell's criminal history category as IV. On December 17, 2010, the USPO disclosed an Addendum to the PSR. The Addendum states that, at the time the PSR was disclosed, it reflected that Mitchell was subject to a three-year term of supervised release. It notes, however, that pursuant to 18 U.S.C. § 3583(k), the authorized term of supervised release for any offense under section 1201 involving a minor victim, and for an offense under 2250, is any term of years not less than 5 or life. The Addendum thus states that Mitchell is subject to a term of supervised release of five years to life as opposed to three years. On February 1, 2011, the USPO re-disclosed the PSR. The USPO stated that it had changed paragraph 9 of the PSR to clarify that, on January 10, 2000, Mitchell was originally arrested and charged with Crime of an Indian Reservation, Aggravated Sexual Abuse, and that on June 8, 2000, Mitchell pled guilty to an Information charging Crime on an Indian Reservation, Abusive Sexual Contact.

## PROCEDURAL BACKGROUND

On January 28, 2011, Mitchell filed his Sentencing Memorandum and Request for Reasonable Sentence. See Doc. 37. Mitchell argues that the factors set forth in 18 U.S.C. § 3553(a) justify a sentence below the recommended advisory guideline range. Mitchell argues that, at the time he failed to register, he had lost his job and had transportation problems, and that he thus did not register. Mitchell argues that he has an excellent work history and that his employer appears willing to rehire him when he finishes his prison sentence. Mitchell argues that his primary problem is alcohol, that he needs intensive substance abuse treatment for his problem, and that the Court can include this treatment in his conditions of supervised release. He argues that a sentence of less than 24 months will sufficiently emphasize the need to register on a yearly basis. Mitchell thus asks the

Court to impose a sentence of not more than 18 months.

On January 31, 2011, the United States filed the United States' Response in Opposition to Nelson Mitchell, Jr.'s Sentencing Memorandum. See Doc. 38. The United States opposes Mitchell's request for a downward variance and asks the Court to sentence Mitchell to a term within the applicable guideline sentencing range. The United States asserts that there is nothing about the nature and circumstances of the offense that warrant a downward variance, because Mitchell's implication that he was physically unable to report is without merit. The United States argues that Mitchell's non-registration reflects his knowing and willing disregard for his registration requirement. The United States argues that there is nothing about Mitchell's history or characteristics that warrant a downward variance, and that a sentence of 18 months would not reflect the seriousness of the crime, promote respect for the law, or provide just punishment. The United States thus requests that the Court impose a sentence within the advisory guideline range of 24 to 30 months.

## ANALYSIS

The Court has reviewed the PSR's factual findings. There not being any objection to those, with the changes that the parties made at the hearing to paragraph 29 -- which should read that the Mitchell reported the minor victim was on top of him -- paragraph 49 -- which should reflect that Mitchell worked for Parks and Landscape Design, not LNR Landscape, and should not state that he earned $13.00 an hour -- and paragraph 50 -- which should state that Mitchell worked for LNR Oil Company, where he earned $13.00 an hour -- the Court will adopt the PSR's factual findings as its own. The Court has also considered the sentencing guideline applications. There not being any dispute about those, the Court will adopt those as its own. The Court has considered the factors set forth in 18 U.S.C. § 3553(a). Mitchell's offense level is 13 and his criminal history category is IV.

The guideline imprisonment range is 24 to 30 months.  The Court notes Mitchell failed to register pursuant to the sex offender provisions subsequent to a conviction for abusive sexual contact on the Indian Reservation.  The Court has considered the guidelines, but in arriving at its sentence, the Court has taken into account not only the guidelines but other sentencing goals.  Specifically, the Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant.  After careful consideration of the sentencing memorandum and the United States' response, and counsels' arguments, the Court believes that the punishment that the guidelines set forth is not appropriate for this sort of offense.  The Court has considered the kinds of sentences and ranges that the guidelines establish, and the Court believes that Mitchell has proposed a sentence that reflects the factors set forth in 18 U.S.C. § 3553(a) as well as the advisory guideline range does.  Because of the parsimony clause, the Court believes that a sentence of 18 months is sufficient without being greater than necessary to comply with the purposes of punishment that the Sentencing Reform Act sets forth.  The Court believes that 18 months reflects the seriousness of this offense.  The Court does not think the variance is so large that it undercuts the need to promote respect for the law.  The Court notes that the underlying sentence for the sexual contact crime was 12 months and a day, so the Court thinks this sentence is sufficient to emphasize respect for the law.  The Court believes this sentence provides a more just punishment.  The Court is concerned about doubling up a sentence over what the sentence for the underlying offense was.  While this is a serious crime, the Court believes the more serious crime is the actual sexual contact that took place.  The Court does not believe that a sentence of 18 months undercuts the adequate deterrence factor either on a general level or a specific level.  The Court believes that this sentence is sufficient to impress upon Mitchell the need to register and the fact that he is going to go to prison if he does not register again.  The Court believes that this sentence is

sufficient to protect the public, because the sentence is long enough. The Court will order conditions as part of his supervised release that the Court believes are sufficient to provide Mitchell with the needed education, training, and care to overcome his alcohol problem. And while the Court's task as a trial court is not to come up with a reasonable sentence, but to balance the 18 U.S.C. § 3553(a) factors correctly, see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court's job is not to impose a reasonable sentence. Rather, a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted), the Court believes that a 18-month sentence is a reasonable sentence. While there is some dispute about the mitigating factors, the Court believes that Mitchell has exhibited, by and large, a good work history during the time that he has been released from prison. Mitchell complied with the registration requirements for a long time after his conviction. He ran into some problems in his life, however, and he did not comply, but he does not have a pattern of consistently blowing off the registration laws. The Court thus believes that a 18-month sentence is sufficient to impress upon him the seriousness of the offense and the importance of complying with the sex offender laws. The Court believes that getting up into the guideline range would begin to be more punitive than necessary to achieve any congressional purpose. The Court believes that this sentence is sufficient to comply with the purposes of punishment that the Sentencing Reform Act sets forth.

**IT IS ORDERED** that Defendant Nelson Mitchell's request for a 18-month sentence in his Sentencing Memorandum and Request for Reasonable Sentence, filed January 28, 2011 (Doc. 37) is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Shana Pennington
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Alonzo J. Padilla
  Federal Public Defender
Federal Public Defenders Office
District of New Mexico
Albuquerque, New Mexico

    *Attorney for the Defendant*